AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| vs. | |
| DAGOBERTO LOPEZ FLOREZ;<br>LUIS GABRIEL OBANDO BRAVO;<br>HUGO ANGULO OROZCO;<br>ARNALDO TORRES MIRANDA;<br>HAROL BARONA BRAVO;<br>KELVIN MARTINES;<br>JESUS ALBERTO LARA FLOREZ; and<br>AYRALDY ZAMBRANO VANEGAS | CASE NUMBER:<br>**8:11MJ1350 TBM** |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about June 27, 2011, in International Waters, in the Middle District of Florida, defendant(s) did,

> Conspire to distribute five (5) kilograms or more cocaine while on board a vessel subject to the jurisdiction of the United States.

in violation of Title 46, United States Code, Section(s) 70503(a), 70506, and Title 21, United States Code, 960(b)(1)(B) (ii). I further state that I am a(n) Special Agent with Federal Bureau of Investigation, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

Signature of Complainant
Brett A. Draper, Special Agent, FBI

Sworn to before me and subscribed in my presence,

July 8, 2011                                        at            Tampa, Florida

THOMAS B. MCCOUN, III
United States Magistrate Judge
Name & Title of Judicial Officer                   Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Brett A. Draper, being duly sworn, hereby state:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed since August 2009. I am currently assigned to the Tampa Division of the FBI. During my tenure with the FBI I have participated in investigations of organizations and individuals involved in illegal drug trade, including organizations and individuals involved in maritime cocaine smuggling in the Caribbean Sea. Accordingly, I am knowledgeable of the illegal methods of operation utilized by drug trafficking organizations and individuals involved in such maritime cocaine smuggling.

2. I submit this affidavit in support of a criminal complaint charging Jesus Alberto Lara FLOREZ, Dagoberto Lopez FLOREZ, Luis Gabriel Obando BRAVO, Hugo Angulo OROZCO, Arnaldo Torres MIRANDA, Harol Barona BRAVO, Kelvin MARTINES, and Ayraldy Zambrano VANEGAS with knowingly and willfully conspiring to possess with the intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance, while onboard a vessel subject to the jurisdiction of the United States, in violation of the Title 46, United States Code, Sections 70503(a), 70506 and Title 21, United States Code, Section 960(b)(1)(B)(ii). In support of this complaint, I allege the following facts, which were provided to me by U.S. Coast Guard officers and other law enforcement officers.

3. On June 27, 2011, at approximately 5:30pm (EST), United States Coast Guard Cutter (USCGC) GALLATIN spotted a Cook Islands-flagged Motor Vessel FIFITA 500 operating in international waters of the Caribbean Sea. The vessel is described as a

freighter-type vessel approximately 130 feet in length. The vessel was located approximately 40 nautical miles off the coast of Panama in international waters. The U.S. Coast Guard contacted the Cook Islands government, who refuted Cook Islands nationality for the vessel. The Coast Guard thus determined the FIFITA 500 to be a stateless vessel subject to the jurisdiction of the United States, and Boarding Team members from the USCGC GALLATIN subsequently boarded the FIFITA 500. The Boarding Team found the aforementioned eight crew members aboard and Jesus Alberto Lara FLOREZ was identified as the master of the vessel. During the course of the boarding, the master informed Coast Guard officers that he had been on the vessel for approximately two and a half months but was unfamiliar with his crew and did not know the nationalities of his crew. The Boarding Team noted no cargo in the vessel's hold. The Boarding Team conducted ion scan testing and noted positive indications for cocaine in various parts of the vessel. Boarding Team members conducted a search of the vessel and on July 03, 2011, at approximately 9:06am (EST) located 27 packages of various sizes weighing approximately one thousand seven hundred and forty-two pounds. The packages were discovered concealed in one of the vessel's fuel tanks located beneath the cargo hold and contained cocaine, as verified by onsite field drug testing performed by USCG Boarding Team members. In my experience with maritime smuggling investigations, the concealment and packaging of the cocaine found aboard the Motor Vessel FIFITA 500 is consistent with previously seized contraband of past drug smuggling ventures intended for distribution.

4. The above-named subjects were subsequently detained by Boarding Team members. The defendants will be brought to the United States with the Middle District of Florida being the point of entry without necessary delay.

5. Based upon the information contained within this Affidavit, your affiant believed that there is probable cause to believe that Jesus Alberto Lara FLOREZ Dagoberto Lopez FLOREZ, Luis Gabriel Obando BRAVO, Hugo Angulo OROZCO, Arnaldo Torres MIRANDA, Haro Barona BRAVO, Kelvin MARTINES, and Ayraldy Zambrano VANEGAS have violated Title 46, Sections 70503(a), 70506 and Title 21, Section 960(b)(1)(B)(ii).

THE AFFIANT FURTHER SAYETH NOT.

I declare that the foregoing is true and correct executed on this 8th day of July, 2011.

Brett A. Draper, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
this 8th day of July, 2011.

THOMAS B. MCCOUN, III
UNITED STATES MAGISTRATE JUDGE

TPA H/Crim/Lopez-Flores, et al_2011R0pend_ads